UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KIVA RANDOLPH,                                          Case No. 21-cv-361

        Plaintiff,

vs.

MOUNTAIN RUN SOLUTIONS, LLC,

        Defendant.

## COMPLAINT

NOW COMES THE Plaintiff, Kiva Randolph, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and complains of Defendant Mountain Run Solutions, LLC, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

**Parties**

8. Plaintiff Kiva Randolph ("Plaintiff") is a natural person currently residing in Milwaukee, Wisconsin.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3) and a "customer" as defined by Wis. Stats. § 421.301(17).

10. Defendant Mountain Run Solutions, LLC (hereinafter "Defendant") is a foreign corporation with a principal office located at 313 E. 1200 S, Suite 200, Orem, UT 84058. Defendant's registered agent is Adam Carlton, at the same address.

11. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3) and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Background

12. Sometime prior to 2017, Plaintiff incurred a debt with a non-party (the "debt"). This debt was primarily for family, personal, and household purposes and was for less than $25,000.

13. Later in 2017, Plaintiff filed for relief under Chapter 7 of the United States Bankruptcy Code. Her case was filed in the Eastern District of Wisconsin.

14. On her bankruptcy filings, Plaintiff listed the debt with the non-party. The non-party received actual notice of the bankruptcy filing.

15. Plaintiff received her bankruptcy discharge.

16. The debt was thereafter turned over to Defendant for collection.

17. Defendant has actual and/or constructive knowledge of Plaintiff's bankruptcy.

18. Defendant has been seeking to collect on the debt from Plaintiff, despite the bankruptcy discharge.

19. Plaintiff has sustained damages as a result of Defendant's illegal actions.

## Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)

20. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

21. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

22. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Plaintiff.

23. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on an account discharged in bankruptcy.

24. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did when they tried to collect on an account discharged in bankruptcy.

25. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on an account discharged in bankruptcy.

26. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount, which it is not authorized to collect, which they did when they tried to collect on an account discharged in bankruptcy.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications, including (but not limited to) anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

28. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104)

29. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

30. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer or a person related to the consumer."

31. Collecting on an account included in bankruptcy can reasonably be expected to cause harassment.

32. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

33. Defendant had knowledge that they had no right to collect on the debt, when they placed phone calls to the Plaintiff.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

35. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## V. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kiva Randolph, by and through her attorney, respectfully prays for Judgment to be entered in favor of the Plaintiff and against Defendant as follows:

A. *Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);*
B. *Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);*
C. *Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);*
D. *Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 et al.;*
E. *Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and*
F. *Other and further relief as may be just and proper.*

Dated: March 22, 2021

                                                      s/ Nathan E. DeLadurantey
                                                      Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI 53005
(414) 377-0515
nathan@dela-law.com

*Attorney for the Plaintiff*